## J. W. Sullivan, Hannah Sweeney and A. V. D. Watterson, Executors of Stephen Sweeney, deceased, *v.* Hannah Sweeney, Appellant.

*Executors and administrators—Judgment—Parties.*

Where one of several executors purchases property from the estate and
gives a judgment therefor to all the executors, the judgment will not sub-
sequently be opened on the mere technicality that a party cannot be both
plaintiff and defendant.

*Judgment—Opening judgment—Executors and administrators—Laches.*

Where an executrix purchases a stock of goods from the estate and gives
a judgment therefor, she cannot, after the goods have been used, and after
she has had time enough to enjoy all the chances of success in the venture,
have the judgment opened on the ground that she had been overreached
in the matter of the sale.

Argued Nov. 10, 1898. Appeal, No. 208, Oct. T., 1898, by
defendant, from order of C. P. No. 3, Allegheny Co., Aug. T.,
1898, D. S. B., discharging rule to open judgment. Before
GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Af-
firmed.

Rule to open judgment.

McCLUNG, J., filed the following opinion:

Stephen Sweeney died July 26, 1897. He left a will of which
the above three plaintiffs were appointed executors. He was
at the time of his death engaged in the wholesale liquor busi-
ness in the city of Pittsburg. Within a week after his death,
Hannah Sweeney, his widow and one of the executors, pur-
chased from the other executors the stock in trade and good
will of decedent's business, giving her judgment note to the
order of the three executors, she being one of them. She took
charge of the business and ran it as her own, obtaining a re-

newal of the license in April, 1898. On July 27, 1898, judgment was entered on the note against Hannah Sweeney in favor of the three executors, and execution was issued. Upon July 29, 1898, defendant obtained a rule to show cause why the judgment should not be opened, alleging that she had been overreached in the matter of the sale. She also seeks to have the judgment stricken off as void, because she is not only defendant, but also, as executrix, one of plaintiffs.

Had the defendant applied for relief within a short time after the giving of the note, and offered to put the estate in statu quo, she would probably have had little difficulty in convincing us that the sale was one which under the circumstances should not have been made. She has, however, delayed until probably all the stock of goods which she received has been used, and long enough to enjoy all the chances of success in the venture, and must we think be held to have distinctly elected to be bound by the bargain. This leaves her with nothing to rely upon, except the fact that she, being the defendant, is one of the executors, also a plaintiff, a bare technicality.

It is true, that at law, one cannot be both plaintiff and defendant. Possibly this rule would avoid the judgment under consideration were Mrs. Sweeney the only plaintiff, but in our opinion, it would not, under our practice, enable a defendant to get rid of a judgment confessed by her to several executors, she being one of them. Leaving her out of the account, as a plaintiff, there are still parties plaintiff representing the estate and legally competent to hold the judgment. The judgment fails of effect only in so far as it purports to give the defendant control as a plaintiff. We see no reason why it cannot be regarded as a judgment confessed by Mrs. Sweeney in favor of the other two executors, for the use of the estate. In fact, defendant herself seems to so treat it. She comes into court, not asserting any control as plaintiff, but seeking relief as defendant, and obtains a rule against the other executors above. If the judgment cannot be saved by treating it in this way it certainly can by removing Mrs. Sweeney as executrix and amending the record accordingly. Probably the fact that she is seeking, by a mere technical defense, to escape payment for assets of the estate, the use of which she has enjoyed, would be considered good cause for her removal by the proper tribunal.

We should, in any event, not interfere with this judgment without first giving opportunity to test this method of curing its technical defects.

The rule should be discharged and it is so ordered.

*Error assigned* was the order of the court.

*J. M. Stoner*, with him *W. A. Blakely*, for appellant.—An action at law cannot be maintained by a party of the first part on a contract made with himself and others as parties of the second part. Relief for the plaintiffs in such a case can only be properly obtained in a court of equity: Price v. Spencer, 7 Phila. 179; Miller v. Knauff, 2 Clark, 11; Hall v. Logan, 34 Pa. 331; Crow v. Green, 111 Pa. 637; Bosanquet v. Wray, 6 Taunton, 597; Pearson v. Nesbit, 1 Devereux's Law (N. C.), 315; Moffatt v. Van Mullingen, 2 Chitty, 539.

*A. B. Reid* and *A. ·V. D. Watterson*, for appellees, cited Peries v. Aycinena, 3 W. & S. 64; Rodenbach's App., 102 Pa. 572; Faulkner v. Faulkner, 73 Mo. 327; Phillips v. Phillips, 1 Stewart (Ala.), 71; McDowell v. Jacobs, 10 Cal. 387; Beecham v. Smith, El. Bl. & El. 441; Stewart's App., 110 Pa. 410.

PER CURIAM, January 3, 1899:

The judgment in this case is affirmed on the opinion of the learned court below.